IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR -6 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-02720-BNB

RAFAEL LAZCANO,

Applicant,

v.

ARISTEDES W. ZAVARAS, Executive Director, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

## ORDER OF DISMISSAL

Applicant, Rafael Lazcano, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Bent County Correctional Facility in Las Animas, Colorado. Mr. Lazcano filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Mesa County, Colorado, district court case number 99CR1329.

In an order filed on December 19, 2008, Magistrate Judge Boland ordered Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On January 27, 2009, after being granted an extension of time, Respondents filed their pre-answer response asserting that the instant action is barred by the one-year limitation period, among other arguments for dismissal. On February 19, 2009, Applicant filed a reply to the pre-answer response.

The Court must construe liberally the habeas corpus application and reply filed by Mr. Lazcano because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

Mr. Lazcano was convicted on June 1, 2000, in Mesa County District Court Case No. 99CR1329 on charges of distributing a schedule II controlled substance (cocaine), possessing drug paraphernalia, and criminal impersonating another. On June 21, 2000, the state court adjudicated him as an habitual criminal and sentenced him to forty-eight years of incarceration. On December 6, 2001, the convictions were affirmed on appeal in *People v. Lazcano*, No. 00CA1490 (Colo. Ct. App. Dec. 6, 2001) (not selected for publication). On May 20, 2002, the Colorado Supreme Court denied certiorari review. Mr. Lazcano does not allege that he appealed to the United States Supreme Court.

On August 30, 2004, he filed a postconviction motion pursuant to Rules 35(a) and (c) of the Colorado Rules of Criminal Procedure, which the trial court denied on September 13, 2004. Mr. Lazcano appealed from the denial of the Colo. R. Crim. P. 35(a) and (c) motion to the Colorado Court of Appeals, which on November 10, 2005, affirmed the state trial court's order. *See People v. Lazcano*, No. 04CA2101 (Colo. Ct. App. Nov. 10, 2005) (not selected for publication). On March 15, 2006, the state supreme court denied certiorari review.

Mr. Lazcano alleges that on November 27, 2006, he filed a second Colo. R. Crim. P. 35(a) and (c) motion, which the trial court denied on December 1, 2006. He asserts that on October 30, 2007, the Colorado Court of Appeals dismissed his appeal from the denial for failure to file a timely opening brief. On December 8, 2008, Mr. Lazcano submitted the instant application to this Court for filing. He asserts six claims.

As noted above, Respondents contend that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be

>counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Court first must determine when the one-year limitation period began to run. Although Mr. Lazcano did not file a petition for writ of certiorari in the United States Supreme Court on direct appeal, he had ninety days after the Colorado Supreme Court denied certiorari review on May 20, 2002, to do so. *See* Sup. Ct. R. 13. Therefore, figuring from May 21, 2002, the day after the Colorado Supreme Court denied his certiorari petition, his conviction became final on August 19, 2002, when the time for seeking review in the United States Supreme Court expired. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999).

Mr. Lazcano does not allege that unconstitutional state action prevented him from filing the instant action sooner, that he is asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or that he could not have discovered the factual predicate for his claims at the time he was convicted and sentenced. Therefore, the one-year limitation period began to run on August 20, 2002, the day after his conviction became final.

A total of 742 days passed before Mr. Lazcano filed the first Colo. R. Crim. P. 35(a) and (c) motion on August 30, 2004. Therefore, the one-year limitation period expired before the first postconviction motion was ever filed. The instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when

circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Lazcano bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Lazcano fails to allege any facts that might justify equitable tolling of the one-year limitation period. Therefore, the Court finds that Mr. Lazcano fails to demonstrate that equitable tolling is appropriate, and the instant action will be dismissed as barred by the one-year limitation period. Because the instant application will be denied as time-barred, the Court need not address Respondents' remaining arguments for dismissal. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this __5__ day of __March__, 2009.

BY THE COURT:

/s/ Zita Weinshienk

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02720-BNB

Rafael Lazcano
Prisoner No. 87024
BCCF - Unit 8-Q-206
11560 County Road FF-75
Las Animas, CO 81054

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/6/09.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk